# SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Agreement") is entered into on the date executed below by and between Mistie Clark and Tara Brown (collectively, the "Claimants") and Pony Tail, Inc. d/b/a Club Onyx ("Onyx").

## RECITALS

WHEREAS, Claimants formerly worked as entertainers at Onyx; and

WHEREAS, Claimants initiated a civil action against Onyx, styled *Mistie Clark and Tara Brown v. Pony Tail, Inc.* U.S. District Court, Northern District of Georgia, Civil Action No. 1:16-CV-1396-WBH (the "Civil Action"); and

WHEREAS, on or about November 1, 2016, the parties negotiated a resolution of the above Civil Action and all other claims the Claimants may have against Onyx, which resolution is conditioned upon the execution of this Agreement; and

WHEREAS, the Parties desire to settle fully and finally any and all claims or disputes of whatever nature, known or unknown, which exist or could exist against Onyx and other parties released in this Agreement.

NOW, THEREFORE, in consideration of the above, and the additional covenants and agreements set forth herein, Claimants and Onyx agree as follows:

## AGREEMENT

1. **Non-Admission**. This Agreement does not constitute an admission by either party of any violation of any law or statute or any other wrongdoing of whatever nature, and the Parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

2. **No Other Claims**. The Parties agree and understand that Claimants initiated the Civil Action, and that the Parties desire to fully, finally, and forever resolve the Civil Action and any and all other claims or disputes between the Parties, whether known or unknown, that have been made or could have been made in the Civil Action, or by any other means relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed. Claimants represent that no other charges, actions or claims are pending on her behalf, other than those set forth in this paragraph.

3. **Dismissal of the Civil Action**. Within five (5) days of the date of the last payment due under this Agreement, the Parties agree to dismiss with prejudice the Civil Action. In the interim, the Parties agree to inform the Court that the Civil Action has been settled, subject to the Court's approval of this Agreement, and to cooperate with one another to jointly request the Court stay or administratively close this matter until it is formally dismissed with prejudice.

4. **Gross Settlement Amount**. In consideration for signing this Agreement and the promises contained in this Agreement, Onyx shall pay to or on behalf of the Claimants the total gross sum of TWENTY FIVE THOUSAND AND NO/100 DOLLARS ($25,000.00)("Settlement Amount"). The Settlement Amount includes full back wages and liquidated damages to Mistie Clark in the amount of $11,000.00, full back wages and liquidated damages to Tara Brown in the amount of $4,000.00, and attorneys' fees and expenses in the amount of $10,000.00.

5.     **Payment Schedule.**     Of the amounts described above, Onyx shall pay the Settlement Amount on the following schedule: (a) by December 1, 2016, or within five (5) business days of the date the Court approves this Agreement, whichever is later, Onyx shall pay a total of $5,000.00 as follows: (1) a check in the amount of $2,200.00 (two thousand two hundred dollars) payable to Mistie Clark; (2) a check in the amount of $800.00 (eight hundred dollars) payable to Tara Brown; and (3) a check in the amount of $2,000.00 (two thousand dollars) payable to Mitchell D. Benjamin, LLC.  Thereafter, every 30 days until the Settlement Amount is paid in full, Onyx shall deliver checks totaling $2,000.00, payable as follows: (1) a check in the amount of $880.00 (eight hundred eighty dollars) payable to Mistie Clark; (2) a check in the amount of $320.00 (three hundred twenty dollars) payable to Tara Brown; and (3) a check in the amount of $800.00 (eight hundred dollars) payable to Mitchell D. Benjamin, LLC.  All checks shall be delivered by U.S. Mail to Mitchell D. Benjamin; DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC; 3100 Centennial Tower; 101 Marietta Street NW; Atlanta, GA 30033.

Each Claimant agrees to be responsible for the payment of all taxes on her share of the settlement proceeds.  Onyx will issue each Claimant a Form 1099 for her share of the settlement proceeds made under this Agreement indicating income in Box 3 to each Claimant for her portion of the settlement payments made payable to her pursuant to this Agreement.  The Claimants and Claimants' counsel shall provide Onyx with an executed IRS Form W-9.

6.     **Disclosure as to Adequacy and Fairness of Settlement, including Attorneys' Fees.** Prior to reaching this Agreement, counsel for the Settling Parties calculated the Claimants' alleged damages for back wages and liquidated damages based upon relevant available information, as well as information exchanged between the Settling Parties during discovery, and based on the Settling Parties' informed estimates and knowledge of the matters at hand.  The Settling Parties and their respective counsel believe that this Agreement constitutes a fair and reasonable compromise of disputed claims and enter into this Agreement voluntarily and knowingly after analyzing the risks and costs associate with continued litigation and their likelihood of success on the merits and negotiating its material terms at arms-length between counsel for the Settling Parties.  The payment(s) to each Claimant as set forth in this Agreement constitutes valid consideration for her return promises, releases, and obligations provided in this Agreement. Each Claimant acknowledges that, with the payment(s) stated in this Agreement, she has been fully compensated by Onyx for all unpaid wages, including unpaid overtime wages, fees, liquidated damages, attorney's fees and any other damages allegedly owed by Onyx, and that no other form of compensation or other damage of any kind is owed to her by Onyx.  Each Claimant further acknowledges that she is receiving adequate consideration for her full release of claims in this Agreement and that such consideration, but for this Agreement, would not otherwise be owed to her.  In reaching this Agreement, each Claimant acknowledges and appreciates the expense and length of proceedings necessary to prosecute this matter through trial and appeals, has taken into account the uncertain outcome and risk of litigation, as well as the difficulties, delays, and risks of collection inherent in such litigation.  The Settling Parties believe that this Agreement confers substantial benefits upon the Claimants.

The amounts to be paid by Onyx as set forth above fully satisfy any and all claims for attorneys' fees, costs, and expenses, including any related litigation expenses, of the Claimants.  These amounts were negotiated by the Settling Parties after the Settling Parties had reached agreement on the value of the Claimants' back wages and liquidated damages to be paid under this Agreement.  Onyx has no responsibility for any other or additional fees, costs, or expenses of the the Claimants, who shall bear responsibility for their own attorneys' fees, costs, and expenses,

2

taxable or otherwise, incurred by them or arising out of this litigation and shall not seek reimbursement thereof from any party to this Agreement. Onyx shall also bear its own costs and attorneys' fees.

7. **Waiver and Release of All Claims**. Each Claimant, on behalf of herself, her dependents, heirs, executors, administrators, assigns, successors, or other representatives hereby fully, finally and forever releases and discharges Pony Tail, Inc. d/b/a Club Onyx and all past and present owners, parents, subsidiaries, affiliates, predecessors, successors, assigns, representatives, officers, directors, agents, attorneys and employees from any and all claims and rights of any kind that Claimants may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, any claims arising out of or in any way connected with Claimants' alleged employment with Onyx as of the date this Agreement is executed. These claims and rights released include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Equal Pay Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, Sections 503 and 504 of the Rehabilitation Act of 1973, the Family Medical Leave Act, Employee Retirement Income Security Act, the Occupational Safety and Health Act, the Older Workers' Benefit Protection Act, the Fair Labor Standards Act, the Workers' Adjustment and Retraining Notification Act, as amended, state, civil or statutory laws, including any and all human rights laws and laws against discrimination, any other federal, state or local fair employment statute, code or ordinance, common law, contract law, tort, including, but not limited to, fraudulent inducement to enter into this contract, and any and all claims for attorneys' fees. Each Claimant represents that she knows of no claim that she has that has not been released by this paragraph, and that the release in this paragraph is intended to release Onyx and all other released parties from liability for any and all possible claims by Claimants, known or unknown, that exist or may exist as of the date of this Agreement. Likewise, Onyx hereby fully, finally and forever releases and discharges Claimants Mistie Clark and Tara Brown from any and all claims and rights of any kind that Onyx may have, whether now known or unknown, suspected or unsuspected, including, but not limited to, any claims arising out of or in any way connected with Claimants' alleged employment with Onyx as of the date this Agreement is executed.

8. **Effect of Non-Approval.** In the event that this Agreement does not obtain approval of the Court for any reason, all matters covered by this Agreement shall be null and void. In such event, nothing in this Agreement shall be used or construed by or against any party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Settling Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the litigation as if this Agreement never existed.

9. **Non-Disclosure**. The Parties will not disclose the terms or amount of the settlement in this Agreement to anyone other than their attorneys or other professional advisors and, even as to such persons, only if they agree to honor this Non-Disclosure provision. In the event anyone inquires about the claims that led up to the settlement evidenced by this Agreement, the Parties may communicate only that "the matter has been resolved" or may make similarly limited statements. This subsection does not prohibit disclosures to the extent necessary legally to enforce this Agreement or to the extent required by law. The Parties further acknowledge and agree that the Non-Disclosure provision is a material terms of this Agreement and constitutes consideration of the Agreement. Claimants further acknowledge and agree that Onyx would be irreparably harmed if they breach this Paragraph.

10. **No Transfer of Claims**. Claimants represent and warrant that neither has assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim or the proceeds of any settlement payments under this Agreement.

Claimants further warrant that there is nothing that would prohibit either from entering into this Agreement.

11. **Non-Disparagement**. Claimants agree not to criticize, denigrate, or otherwise disparage Onyx or any of its officers, directors, managers, employees, agents, services, policies, practices, or standards of business conduct. Onyx management agrees not to criticize, denigrate or otherwise disparage Claimants.

12. **No Re-Application/Re-Employment:** The Parties agree that each Claimant is deemed to have voluntarily abandoned her position as a performer at Onyx, and each agrees to neither re-apply, nor seek re-employment with Onyx, or any of its affiliated night clubs[1] at any time in the future.

13. **Payment of Applicable Taxes**. Each Claimant is and shall be solely responsible for all federal, state and local taxes that may be owed by her by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Each Claimant agrees to indemnify and hold Onyx harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to each Claimant or her attorneys under this Agreement.

14. **Entire Agreement**. This Agreement contains the entire agreement and understanding between Claimants and Onyx with respect to any and all disputes or claims between the parties as of the date this Agreement is executed, and except as otherwise hereinabove provided it supersedes all other agreements between Claimants and Onyx with regard to such disputes or claims. This Agreement shall not be modified unless in writing and signed by both Claimants and Onyx.

15. **Severability**. The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.

16. **Acknowledgement. Each Claimant acknowledges that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Claimants enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Each Claimant further understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted. Each Claimant also acknowledges: (a) that she has consulted with or has had the opportunity to consult with an attorney of her choosing concerning this Agreement and has been advised to do so; and (b) that she has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on her own judgment and/or her attorney's advice. Each Claimant acknowledges that she has been given a reasonable time to consider the terms of this Agreement.**

17. **Waiver**. No waiver of any breach of any term or provision of this Agreement shall be, or shall be construed to be, a waiver of any other breach of this Agreement. No waiver shall be binding under this Agreement unless in writing and signed by the party waiving the breach.

---

[1] By "Affiliated night clubs" the parties refer to: The Pink Pony (Atlanta), GoldRush Showbar (Atlanta), Horse Play Gentlemen's Club (Forest Park, Georgia), Cheetah's (Las Vegas, Nevada) and Masters' Gentlemen's Club (Myrtle Beach, South Carolina).

18. **Headings**.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

19. **Choice of Law.**  This Agreement is to be interpreted pursuant to the laws of Georgia, except where the application of federal law applies. The Parties further agree that this Agreement may be enforced in any court of competent jurisdiction in Georgia, and the Parties hereby subject themselves to the jurisdiction of such courts in any such enforcement action.

THE PARTIES UNDERSTAND AND AGREE THAT THEY MAY BE WAIVING SIGNIFICANT LEGAL RIGHTS BY SIGNING THIS AGREEMENT, AND REPRESENT THAT THEY HAVE ENTERED INTO THIS AGREEMENT VOLUNTARILY AND WITH A FULL UNDERSTANDING OF AND IN AGREEMENT WITH ALL OF ITS TERMS.

IN WITNESS WHEREOF, the Parties hereto have executed this confidential Settlement Agreement and General Release on the dates provided below.

| MISTIE CLARK | PONY TAIL, INC. d/b/a CLUB ONYX |
|---|---|
| *Mistie Clark* (signature) | By: _____ |
| Date: 11-3-16 | Title: _____ |
| | Date: _____ |
| TARA BROWN | |
| *Tara Brown* (signature) | |
| Date: 11-5-16 | |

5